IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL L. ROBERTS**,  CASE NO. 2:14-cv-0062

        Petitioner,  JUDGE MICHAEL H. WATSON

v.  Magistrate Judge Kemp

**WARDEN, LEBANON CORRECTIONAL INSTITUTION,**

        Respondent.

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court to conduct an initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  That Rule provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** under Rule 4.

### I.  PROCEDURAL HISTORY

According to the petition, petitioner was sentenced in Madison County Municipal Court on August 1, 2008, on charges of speeding and driving without a license.  He was sentenced to 180 days jail time with 170 days suspended and ten days credit for time served, a $648.00 fine and one year of probation.  Petitioner did not file a direct appeal of his conviction.  Rather, on December 19, 2009,  petitioner filed a motion

with the municipal court to vacate a void judgment. Further, beginning in January, 2013, petitioner made the following filings.

Petitioner filed an application for reconsideration pursuant to App.R. 26(A) with the Twelfth District Court of Appeals which was denied by that court on February 22, 2013. Although not clearly stated, it appears that this motion for reconsideration was filed following the appellate court's denial on January 16, 2013, of petitioner's motion for leave to appeal from a motion to withdraw plea. Petitioner indicates that he attempted to appeal further to the Ohio Supreme Court. He states that the Ohio Supreme Court declined to take jurisdiction by entry dated November 20, 2013. He has attached to his petition an entry from the Ohio Supreme Court dated November 20, 2013, indicating that it declined to take jurisdiction of petitioner's appeal.

Petitioner also states that he filed a motion for a delayed appeal and a writ of procedendo with the Twelfth District Court of Appeals. These motions were denied by entries dated July 8, 2013 and August 1, 2013, respectively. Petitioner has attached a copy of the entry denying leave to file a delayed appeal which indicates that he filed his motion with the appellate court on May 10, 2013.

Petitioner further states that he filed a "State" writ of habeas corpus with the Ohio Supreme Court on September 23, 2013, and has attached a file-stamped copy of his filing confirming this. This petition was dismissed sua sponte by the Ohio Supreme Court on December 24, 2013.

In his petition for habeas corpus relief, petitioner raises four grounds for relief.

He asserts that his Sixth Amendment rights were violated by the failure to obtain a valid waiver and to appoint trial counsel, that his Fourteenth Amendment rights were violated by his less than knowingly and intelligently made plea, that he was prejudiced by his failure to be informed of his Constitutional rights, notice of appeal, or appellate counsel, and that a manifest injustice occurred when he was convicted under a no contest plea. The question raised by the petition, and particularly by petitioner's late filings, is whether these claims are barred by the statute of limitations.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State
>post-conviction or other collateral review with respect to the pertinent
>judgment or claim is pending shall not be counted toward any period of
>limitation under this subsection.

Under Ohio law, petitioner had thirty days after the entry of judgment to take an appeal of his conviction. Because, according to the petition, that entry was filed on June 25, 2008, his appeal time expired on July 25, 2008. Under §2244(d), he had to file any habeas corpus action in federal court within one year of that date, or by July 25, 2009. Instead, he filed this case more than four years later. Clearly, it is time-barred.

Petitioner might argue, however, that once he filed his motion for delayed appeal in 2013, the statute of limitations began to run all over again, and that because he filed his petition well within one year of the Ohio Supreme Court's decision on that petition, his claims are timely. That argument, if petitioner had made it, would be incorrect.

As this Court said in *Lathan v. Warden, Southeastern Ohio Correctional Inst.*, 2011 WL 5521191, *3 (S.D. Ohio Nov. 14, 2011), *adopted and affirmed* 2012 WL 368048 (S.D. Ohio Feb. 3, 2012),

>As to ... state court proceedings, regardless of whether any of them were
>timely filed under Ohio law ... the filing of such matters after the statute of
>limitations has run " 'does not, however, 'revive' the limitations period
>(i.e., restart the clock at zero); it can only serve to pause a clock that has
>not yet fully run. Once the limitations period is expired, collateral
>petitions can no longer serve to avoid a statute of limitations.' " *Vroman v.
>Brigano,* 346 F.3d 598, 602 (6th Cir.2003), *quoting Rashid v. Khulmann*, 991
>F.Supp. 254, 259 (S.D.N.Y.1998).

Consequently, it is clear that motion for a delayed appeal did not revive the statute of

limitations. Similarly, none of petitioner's other state court filings did either.

In a recent unpublished opinion, the Court of Appeals for the Sixth Circuit explained how this rule works. In that case, *Eberle v. Warden, Mansfield Correctional Inst.*, No. 12-4213 (6th Cir. August 8, 2013) - also a case originally filed in this District - the Court of Appeals faced a situation where, like petitioner here, the petitioner was convicted in state court and did not appeal. Three years later he filed a motion to withdraw his guilty plea. Once he exhausted state remedies on that motion, he filed a habeas corpus petition in the district court, which was dismissed on statute of limitations grounds. The Court of Appeals affirmed the dismissal of the petition, concluding that "b]ecause Eberle did not file a habeas petition until December 13, 2011—long after October 2007 [when the statute of limitations expired]—his petition is time-barred under § 2244(d)(1)(A)" - exactly the same conclusion that the Court reaches here. *Eberle*, slip. op. at 5.

Explaining why that is so, the *Eberle* court noted that "AEDPA sets strict filing deadlines in order to promote the finality of convictions and curb dilatory tactics" and that even had the petitioner's motion to set aside his guilty plea been timely filed under Ohio law, it still would not have "reset" the statute of limitations clock. *Id*. at 6. Simply stated, the one-year period following the finality of a state court judgment is a "window" within which a defendant may bring a habeas corpus action in federal court; if he does not, the later filing of any type of action in state court does not toll the running of the statute of limitations because "[a]fter the window closed, there was

5

nothing left to toll." *Id*. at 7. So, too, in this case; petitioner's window within which to bring a habeas corpus petition in federal court was open from July 25, 2008 to July 25, 2009. Once he failed to file any type of proceeding, either state or federal, within that window, the limitations period ran out, and by the time he made his various filings in 2013, or even his motion to vacate a void judgment in December, 2009, as in *Eberle*, "there was nothing left to toll."

There are circumstances under which a petitioner might be entitled to file an untimely petition, however. Under the doctrine known as "equitable tolling," a petitioner might be able to avoid having his petition dismissed as not being timely filed even if it is late.

> But courts grant equitable tolling "sparingly." [*Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010)], at 784. A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish "that he has been pursuing his rights diligently." *Holland [v. Florida*, 130 S.Ct. [2549 (2010)] at 2562 (internal quotation marks omitted). And second, the petitioner must show "that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted).

*Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). Petitioner has not made such a showing here. Thus, he is not entitled to equitable tolling, and his petition must be dismissed because it was not filed within one year of the date his conviction became final.

These same principles apply to the issue of the bench warrant as suggested in the petition and as raised by petitioner in his motion for leave of substitution of respondent.

To the extent that petitioner seeks to challenge the issuance of a bench warrant, according to petitioner's filings, this bench warrant was issued in June, 2009. Consequently, any claim relating to it is similarly barred by the statute of limitations.

### III. PROCEDURAL DEFAULT

Although not necessary to the decision here, the Court will also briefly discuss how the doctrine of procedural default would also prevent this Court from hearing petitioner's claims. The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. Procedural default can be a fairly complicated doctrine, involving a number of court-made rules and exceptions, but the basic premise is simple and is reflected in the language Congress has used in 28 U.S.C. §2254.

Under §2254, a federal court may grant relief to a state prisoner only if that person is being held in custody in violation of the Constitution or law of the United States - that is, that the prisoner's conviction or sentence was unlawful under federal law. In order for a federal court to decide any such claims on their merits, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). That is so because §2254(b) states that an application for a writ of

habeas corpus filed by someone in petitioner's position "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State ...."

One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case - that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule

8

was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Here, Ohio App. R. 4(A) is a procedural rule which requires an appeal to be taken within thirty days of the date of judgment. Petitioner did not comply with that rule. Ohio law provides that an issue not raised on direct appeal is barred by the doctrine of *res judicata.* That has been the law in Ohio for some time. *See State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Stated another way, the state courts were never given an opportunity to enforce the procedural rule at issue because of the nature of petitioner's procedural default. This Court has consistently determined that Ohio's *res judicata* rules serve important state interests in the finality of criminal convictions. *See, e.g., Wiley v. Banks*, 2013 WL 1663962 (S.D. Ohio Apr. 17, 2013), *adopted and affirmed* 2013 WL 3350668 (S.D. Ohio July 3, 2013). Additionally, petitioner has not argued, and the Court finds no independent basis to conclude that petitioner has established cause and prejudice to relieve him of procedural default. Finally, there is nothing in the record here, or in any of the matters the Court has reviewed, to indicate that petitioner is actually innocent of the crime to which he pleaded no contest. Under these circumstances, even if his petition were not barred by

the statute of limitations, the Court could not decide the merits of his claims because they were procedurally defaulted.

## IV.  RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DISMISSED** as barred by the applicable one-year statute of limitations.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge